WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
Steve Schrum,                    )
              Plaintiff,         )   No. CIV 04-619 PHX RCB
                                 )
         vs.                     )        O R D E R
                                 )
The Burlington Northern          )
Santa Fe Railway Company,        )
                                 )
              Defendant.         )
_____)
The Burlington Northern          )
Santa Fe Railway Company,        )
a corporation,                   )
                                 )
     Third Party Plaintiff       )
                                 )
         vs.                     )
                                 )
Chemical Lime Company of         )
Arizona, a corporation; ABC      )
Corporations I-IV, fictitious    )
corporations,                    )
                                 )
     Third Party Defendants.     )
_____)
```

By order entered May 18, 2006, this court granted summary judgment in favor of defendant/third-party plaintiff, The Burlington Northern Santa Fe Railway Company ("BNSF"), and against plaintiff. Doc. 110. The third-party defendant, Chemical Lime Company of Arizona ("Chemical Lime"), joined in BNSF's motion (Doc.

72), and the court granted summary judgment in favor of Chemical Lime as well.  Id.

In addition to moving for summary judgment as to plaintiff's claims, in its capacity as a third-party plaintiff BNSF filed a separate motion seeking summary judgment "on its indemnification claim against Chemical Lime."  Doc. 70 at 5.  Chemical Line also sought summary judgment on the indemnity issue, but contrary to BNSF, Chemical Line argued that there were "no facts triggering any indemnity obligation" on its part.  Doc. 68 at 1.  This court denied as "moot" BNSF's and Chemical Line's motions with respect to the issue of indemnification.  Doc. 110 at 13.

On June 2, 2006, BNSF timely filed a motion for reconsideration.  BNSF concedes that once the court found in BNSF's favor on the issue of liability, whether Chemical Line had a duty to indemnify it "became a non-issue[.]" Doc. 113 at 2.  On this reconsideration motion, BNSF is taking the position, however, that because the duty to defend is separate and distinct from the duty to indemnify, the court should have addressed the duty to defend, which it did not.  BNSF is requesting the court to "reconsider" this "narrow issue."  Id. at 3.  More specifically, BNSF is requesting the court to "hold that Chemical Lime breached its duty to defend . . . when it denied BNSF's repeated tender of defense, and grant BNSF's summary judgment motion against Chemical Lime on th[at] duty[.]"  Id.

On June 15, 2006, plaintiff timely appealed this court's May 17, 2006 order.  Doc. 114.  The next day BNSF also timely filed a Notice of Appeal.  Doc. 117.  Thus the issue becomes whether the

Notices of Appeal divested this court of jurisdiction to consider BNSF's reconsideration motion.

This court retains jurisdiction to consider that previously filed motion, despite the fact that the parties have filed Notices of Appeal.  This is so because the Ninth Circuit has held that notwithstanding the filing of notice of appeal, a trial court retains jurisdiction under Fed. R.App. P. 4 to rule on certain timely filed substantive post-judgment tolling motions such as BNSF's motion herein.  See Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1064 & n.1 (9th Cir. 2002); see also United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i) for the proposition that a "notice of appeal . . . did not . . . divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration[]"); Leader Nat'l Ins. Co. v. Industrial Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994) (under amended Fed. R.App. P. 4, a notice of appeal is no longer a nullity but is "held in abeyance" until an earlier filed motion for reconsideration is decided).

Having determined that it has jurisdiction, the next issue is whether to allow Chemical Lime to file a response to the motion. Absent a court order responses and replies to motions for reconsideration are not allowed.  See L.R.Civ 7.2(g).  Because "[t]he duty to defend . . . is *not* the same as the duty to indemnify[,] and because it "generally exists *regardless* of whether the insured is ultimately found liable[,]" INA Ins. Co. of North America v. Valley Forge Ins. Co., 150 Ariz.

3

248, 722 P.2d 975, 982 (Ct. App. 1986) (emphasis added),[1] on the face of it BNSF's motion for reconsideration *may* have merit – at least to the extent that the court did not previously address the duty to defend issue.

   Therefore, IT IS ORDERED that Chemical Lime shall, within ten (10) days of this Order: (1) advise the court in writing that it is adopting its position on the duty to defend as articulated in its previously filed summary judgment response (Doc. 80), *or* (2) file a response to BNSF's reconsideration motion (Doc. 113).  If Chemical Lime elects to file such a response, then BNSF *may* file a reply in accordance with L.R.Civ 7.2(d).[2]

   DATED this 18th day of September, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

---

[1] The court is fully aware that <u>INA Ins. Co. of North America</u>, 722 P.2d 975, involved an insurance policy and obviously the present case does not.  Nonetheless, <u>INA</u> remains instructive.

[2] The court is invoking this relatively shortened time frame because it is aware that the parties are subject to a briefing schedule in the Ninth Circuit.  <u>See</u> Doc. 124.